UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| S.L., by his parents and next friends, | ) | |
| KAREN AND MARK LAYMON, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1592-RLY-WTL |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT and
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Karen and Mark Laymon, the parents of special education student S.L., filed this action against the Defendant, Indianapolis Public Schools ("the School"), for attorney fees pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. On November 5, 2004, Plaintiffs moved for summary judgment against the School, and on January 18, 2005, the School cross-moved for summary judgment. For the reasons explained below, the court **GRANTS** the School's Cross-Motion for Summary Judgment, and **DENIES** Plaintiffs' Motion for Summary Judgment.

**I.      Factual Background**

    **A.      The Plaintiffs' Request for a Due Process Hearing**

    1.     S.L., born September 10, 1990, is a student who attended the Indianapolis Public Schools ("IPS") during his sixth grade year and received special education services from IPS pursuant to 511 I.A.C. 7-30-3 ("Article 7") and

1

    the IDEA, 20 U.S.C. § 1415. (Exhibit A-14).

2. On April 27, 2004, S.L.'s parents, the Plaintiffs, filed with the Indiana Department of Education ("IDOE") a formal request for a due process hearing pursuant to Article 7 (511 I.A.C. § 7-30-3) and the IDEA (20 U.S.C. § 1415(f)). (Exhibit A-1).

3. James A. Jacobs, an Independent Hearing Officer ("IHO"), was appointed by the IDOE to hear the matter and render a decision. (Exhibit A-11).

4. The Plaintiffs' request for a due process hearing included a list of issues they wished to address at the hearing, all of which related to whether IPS had failed to provide the special education services required by the student's Individual Education Plan ("IEP") covering the 2003-04 school year or otherwise failed to comply with Article 7 or the IDEA during the 2003-04 school year. (Exhibit A-1).

5. During the pre-hearing proceedings, and during the hearing itself, the Plaintiffs added and modified the issues, making a total of 18 separate issues by the end of the hearing. (Exhibits A-3, A-5, A-9).

**B. The School Requests a Due Process Hearing**

6. S.L.'s 2003-04 IEP was set to expire on May 24, 2004. (Exhibit A-2).

7. Because 511 I.A.C. § 7-27-7(d) requires IPS to implement a new IEP before the current IEP expires, IPS attempted to get the Plaintiffs to attend a case conference before S.L.'s 2003-04 IEP expired on May 24, 2004. (Exhibit B

      at 1286).

8.     The Plaintiffs declined to participate in the case conference "on advice of counsel." (Exhibit A-2; Exhibit B at 1285-87).

9.     IPS conducted the case conference on May 21, 2004, with seven IPS employees, all of whom were involved in special education and S.L.'s education and who wrote an IEP for S.L.'s 2004-05 school year. (Exhibit B at 1288-89).

10.    The Plaintiffs did not agree to or sign the 2004-05 IEP. (Exhibit A-14).

11.    IPS filed with the IDOE a request for a due process hearing on the issue of the appropriateness of the 2004-05 IEP. (Exhibit A-13).

**C.**    **The Hearing**

12.    The due process hearing, held on June 29, June 30, July 1, July 2, July 7, and July 8, 2004, addressed both the Plaintiffs' issues regarding the services provided during the 2003-04 school year and IPS' issue regarding the 2004-05 IEP. (*See generally* Exhibit B).

13.    The Plaintiffs offered the testimony of eight witnesses, including three IPS educators, and Mrs. Laymon. (Exhibit B at 526-34, 739-904, 1010-1170, 1419-23).

14.    IPS offered evidence of eight documented attempts, all unsuccessful, to have the Plaintiffs participate in case conferences during the 2003-04 school year.

### D. The Hearing Officer's Decision

15. The IHO rendered his decision on August 12, 2005. It consisted of 73 Findings of Fact, 18 Conclusions of Law (arranged by issue), and 15 Orders. (*See generally*, Ex. A-9).

#### 1. The IPS' Hearing Request

16. Although the Plaintiffs asked the IHO to "totally throw[] out" the 2004-05 IEP, (Exhibit B at 881), the IHO adopted the 2004-05 IEP as the "Interim IEP." (Exhibit A-9 at 34).

17. The IHO also found for the School on a number of other issues. *See generally*, Defendant's Findings of Fact ## 49-65.

#### 2. The Plaintiffs' Hearing Request

18. Of the 18 issues (including subparts) decided by the IHO, he decided half in the Plaintiffs' favor and half in IPS' favor. *See generally* Finding of Fact # 66.

19. In addition, the Plaintiffs requested Extended School Year Services ("ESYS") for S.L. over the summer of 2004 that included: 9 weeks of home bound instruction, a licensed special education teacher for up to 3 hours per day instruction, a consultation with an outside Curriculum Resource Consultant with multi-sensory education experience, 1 hour of speech therapy three times per week, 1 hour of occupational therapy three times per week, and teacher and therapists "progress notes" to the parents

after each session. (Exhibit A-4; Exhibit B at 899).

20. IPS proposed ESYS for S.L. over the summer of 2004 that required (among other things) S.L. to attend ESYS outside of the home and to ride IPS transportation. (Exhibit A-15).

21. On July 12, 2004, The IHO ordered the Plaintiffs and IPS to follow IPS' ESYS proposal during the 2004 summer program and rejected the Plaintiffs' ESYS request. (Exhibit A-8).

22. The only compensatory remedy the Plaintiffs were awarded was "one year compensatory education beyond that specified in Article 7." (Exhibit A-1; Exhibit A-9 at 34; Exhibit A-11 at 5). "One year compensatory education beyond that specified in Article 7" means IPS would provide one year of additional special education services after S.L. "ages out" of entitlement to those services by reaching age 22. (Exhibit A-9 at 34; Exhibit A-11 at 8).

   **E.  The Plaintiffs Reject the IHO's Orders and Remove S.L. from IPS**

23. On August 24, 2004, the Plaintiffs' counsel wrote to IPS' counsel to advise "that the parents have decided to accept some of the services that the hearing officer ordered … and reject some of the other services …" and to report that the Plaintiffs "have elected to home school their child …." (Exhibit A-10).

24. Specifically, the Plaintiffs "rejected" the following Orders: (1) requiring the

5

2004-05 IEP to serve as the Interim IEP; (2) mandating a case conference to convene; (3) mandating the student to ride the school bus; (4) requiring a daily schedule to be established; (5) requiring S.L.'s IEP to incorporate "increased opportunities to meaningfully interact with his nondisabled peers;" (6) requiring IPS to provide to the Plaintiffs a written summary report every two weeks, (7) requiring monthly objective assessments; (8) removing a one-on-one aide from S.L.'s Interim IEP unless he is participating in a class with nondisabled peers; (9) requiring monthly case conference committee meetings; (10) requiring an educational assessment; (11) requiring a social skills needs assessment; (12) requiring a functional behavior assessment; (13) requiring a pediatric neurologist to determine whether "pharmacological intervention" is necessary; and (14) requiring an adaptive physical education program. (Exhibit A-10).

25. On September 30, 2004, the Plaintiffs filed a Complaint with IDOE on the issue of "whether IPS violated 511 § I.A.C. 7-30-3(x) by failing to implement the independent hearing officer's written decision within thirty calendar days from the date the School received the decision." (Exhibit A-11 at 1).

26. On October 28, 2004, the IDOE issued the Complaint Investigator Report on the Plaintiffs' Complaint. (Exhibit A-11).

27. The IDOE Complaint Investigator concluded that the only compensatory

      service ordered by the IHO was one year of compensatory education after S.L. reaches age 22 (IHO's Order # 2).  (Exhibit A-11 at 5).

28. The IDOE Complaint Investigator concluded that, because of the Plaintiffs' withdrawal of S.L. from IPS and the IHO's assumption in rendering his decision that S.L. would be enrolled in IPS for the 2004-05 school year, "Orders (other than Order # 2) are not binding upon the School." (Exhibit A-11 at 5).

29. The Plaintiffs did not seek reconsideration of the IDOE Complaint Investigator's Findings, Conclusions and/or Corrective Action.

## II.  Discussion

Title 20 U.S.C. § 1415(e)(4)(B) provides: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party."  *Id.*  Thus, in order for the court to award the Plaintiffs attorneys' fees, Plaintiffs must first show that they are a "prevailing party."  *See id.*; 511 I.A.C. § 7-30-6. In *Evanston Comm. Con. Sch. Dist. No. 65 v. Michael M.*, the Court stated:

> "Prevailing party" under 20 U.S.C. § 1415(e)(4)(B) has the same meaning as the phrase does in 42 U.S.C. § 1988.  According to the Supreme Court, a prevailing party prevails under § 1988 if he obtains at least some relief on the merits of his claim . . . .  '[A] plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties *by modifying the defendant's behavior in a way that directly benefits the Plaintiff*.'

356 F.3d 798, 805 (7th Cir. 2004) (internal citations omitted).

Here, the only relief the Plaintiffs obtained from the hearing is one year of compensatory education. (Exhibit A-11 at 5). Under Article 7 and the IDEA, one year of compensatory education means S.L. will receive an additional year of special education services if he is enrolled in IPS when he "ages out" of special education, i.e., loses his entitlement to special education services on his 22nd birthday. However, IPS provides this service to all of their special education students. Any child enrolled at IPS at age 22 can choose to remain at IPS for the remainder of the school year. (Exhibit B at 1293). Therefore, if S.L. is enrolled at IPS when he turns 22 (September 10, 2012), he will automatically receive special education services for the entire year.

In *Jodlowski v. Valley View Comm. Unit Sch. Dist.*, the Seventh Circuit held that requiring a school to pay for services that were "common practice" for the school "do[es] not alter the parties' relationship in a manner beneficial to the Plaintiffs and therefore are insufficient to confer 'prevailing party' status." 109 F.3d at 1254. Calling the relief obtained in *Jodlowski* "an illusory victory," the Court held the Plaintiffs were not entitled to fees. *Id*. Similarly, in this case, the one year of compensatory service (the only relief to which the Plaintiffs are entitled) is an "illusory victory." The Plaintiffs would receive this service from IPS regardless of whether it was ordered by the IHO because it is IPS' "common practice" to do so. Because this is the only relief the Plaintiffs received from their request for a due process hearing, and this relief does not "modify[] the defendant's behavior in a way that directly benefits the plaintiff[s]," the Plaintiffs are not a prevailing party. Thus, they are not entitled to fees. *Id*.

There is yet another reason to find against the Plaintiffs: Plaintiffs' rejection of the Order and removal of S.L. from IPS. In withdrawing S.L. from IPS, the Plaintiffs nullified the very predicate of the proceeding and the Order, i.e., that S.L. would be in IPS to receive the services that were at issue. As the IDOE noted, "[t]he IHO's Decision assumed that the Student would be enrolled in the School for the 2004-05 school year. . . the "Orders (other than Order 2) are not binding upon the School."

In *Linda W. v. Indiana Dept. of Educ.*, the Seventh Circuit had occasion to comment on a situation like the one at bar. The hearing officer in *Linda W.* ordered the school to provide the student remedial reading instruction and compensatory education for two summers and to reimburse the parents $1000 for private tutoring. The Court concluded that the relief the Plaintiffs obtained was "paltry" compared to what they sought. The Court noted, "[e]ven the decisions of the hearing officers did Ryan no good in the end, because his parents removed him from the public school before those decisions took effect. The District Court did not abuse its discretion in holding that defendants are the prevailing parties in this litigation." *Id*. at 507. As in *Linda W.*, the IHO's decision did S.L. no good in the end because the Plaintiffs removed S.L. from IPS.

Finally, it would be bad public policy to award Plaintiffs attorneys' fees. Plaintiffs put IPS through the burden and expense of a six-day due process hearing, the Plaintiffs repudiated the IHO's decision, and then, by withdrawing S.L., rendered the decision moot. As Judge Evans noted:

> America's public schools . . . are in a financial bind. A dollar spent on one

9

child is a dollar less to spend on others.  This is a reality that the law should not ignore.  It is a reality that should be kept in mind when awarding 'prevailing party' status to those who sue school districts under the IDEA.

*Evanston*, 356 F.3d at 805-06.

### III.    Conclusion

Plaintiffs were not prevailing parties for purposes of 20 U.S.C. § 1415(e)(4)(B), and are therefore not entitled to attorneys' fees.  Accordingly, the court **GRANTS** the School's Cross-Motion for Summary Judgment, and **DENIES** Plaintiffs' Motion for Summary Judgment.


**SO ORDERED** this 3rd  day of August 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Teresa L. Melton
BAKER & DANIELS
tlmelton@bakerd.com

Dorene J. Philpot
dphilpotlaw@alumni.indiana.edu

Roberta Sabin Recker
BAKER & DANIELS
rsrecker@bakerd.com